Jason R. Mullis (# 024289)
jmullis@wshblaw.com
Jodi L. Mullis (# 024044)
jlmullis@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
2525 E. Camelback Road, Suite 450
Phoenix, Arizona 85016-4210
Phone: 602-441-1300 ♦ Fax: 602-441-1350
*Attorneys for DCAH, LLC, Deer Creek Animal Hospital, Inc.*
*Deer Creek Real Estate, LLC, Suzanne Higgins, and Kevin Kemp*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DCAH, LLC; DEER CREEK ANIMAL HOSPITAL, INC.; DEER CREEK REAL ESTATE, LLC; DR. SUZANNE HIGGINS; AND KEVIN KEMP;<br><br>      Plaintiffs,<br><br>v.<br><br>ANGELA M. CHATFIELD and MICHAEL A. CHATFIELD, husband and wife,<br><br>      Debtors/Defendants. | In Proceedings Under Chapter 7<br><br>Case No. 2:20:bk-00137-MCW<br><br>ADVERSARY NO. 2:20-ap-00049-MCW<br><br>**MOTION TO STAY OR EXTEND DISCOVERY AND DISCLOSURE DEADLINES** |

Plaintiffs Deer Creek Animal Hospital, Inc., DCAH, LLC, Deer Creek Real Estate, LLC, Dr. Suzanne Higgins, and Kevin Kemp (hereinafter, collectively referred to as "DCAH Parties"), by and through undersigned counsel, hereby petition this Court to stay the above-referenced matter, or in the alternative, extend the discovery and disclosure deadlines. Though this matter has now been pending for some time – both in Maricopa County Superior Court previously, and now this Court – so, too, has the related criminal investigation. However, as a result of the length of time in which the criminal investigation took to conclude, and now delays that are not caused by the DCAH Parties, the potential criminal prosecution is still pending and charges have not yet been brought.

For all of the reasons set forth below, the DCAH Parties request that this matter be

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

stayed *at a minimum* until a determination as to whether criminal charges will be brought, or in the alternative, to extend discovery and disclosure deadlines pending the same determination.

## I.    **BACKGROUND**

The claims that arise in this matter were brought in Maricopa County Superior Court. The underlying State Court action was on the eve of trial when the Chatfield Parties filed for bankruptcy (Maricopa County Superior Court Cause No. CV2018-010153) (hereinafter, "State Court action"). As a result, the State Court action was stayed. Thereafter, to preserve their rights, the DCAH Parties filed an Adversarial Proceeding to alert the Bankruptcy Court that some of the debts alleged to be owed by the Chatfield Parties to the DCAH Parties were not dischargeable in the bankruptcy (2:20-ap-00049-MCW). While that matter was pending, the Chatfield Parties sought removal of the State Court action to the Bankruptcy Court (2:20-ap-00072-MCW). The requested removal was granted. Thereafter, the DCAH Parties were working with counsel for the Bankruptcy Trustee to address the issues that related to the Chatfield Parties' claims against the DCAH Parties. Those issues were memorialized in an agreement between the Trustee and the DCAH Parties, and those claims dismissed against the DCAH Parties. [Doc. 28 – 2:20-ap-00072-MCW]. The parties could then attempt to proceed with the remaining claims, *if necessary*. The parties agreed to consolidate the Adversarial Proceedings and the removed State Court Action, and set a schedule for discovery and disclosure. [Doc. 54 and 56 – 2:20-ap-00049-MCW]. The court approved same. [Doc. 58 and 59 - 2:20-ap-00049-MCW].

All the while, behind the scenes was also the pending criminal investigation being pursued by the Phoenix Police Department. The matter was reported to the Phoenix Police Department back on June 9, 2018. *See* Phoenix Police Report, attached as **Exhibit A** (partial copy of report provided to reflect reporting date). The Phoenix Police Department's investigation was not complete until December 15, 2020, when it was submitted to Maricopa County Attorney's office with recommendations to prosecute. *See* **Exhibit B**. Since that time, the County Attorney has not actually levied charges. The reason is that the Chatfield Parties

1    are allegedly working on getting an expert on board and issuing a report – something that has

2    still not happened and is not expected to happen until the end of the month *at the earliest*. *See*

3    **Exhibit C**. As such, the County Attorney has not made a final determination on whether

4    criminal charges will be brought. Because this issue *still* remains uncertain after all this time,

5    the DCAH Parties request that this civil matter be stayed, at least until that determination is

6    made, or in the alternative, to amend the discovery and disclosure deadlines to allow the

7    County Attorney to obtain the information he needs and to determine if criminal charges will

8    be brought.

9    **II.    LEGAL ARGUMENT**

10   This whole matter arose after the Chatfield Parties *filed suit against the DCAH Parties*

11   in Maricopa County Superior Court. Since that time, the Chatfield Parties filed for

12   bankruptcy, the Superior Court matter was stayed and then removed to Bankruptcy Court, the

13   DCAH Parties filed for an eventual determination that some of the debts were not discharged

14   in the bankruptcy, and the Bankruptcy Trustee, through his counsel, resolved the claims that

15   the Chatfield Parties filed against the DCAH Parties. What has not happened, however, is the

16   determination of whether criminal charges will be brought against Angela Chatfield.

17   Why this is important has to do with the overall dynamics of the case. The DCAH

18   Parties were drug into this matter, and forced to defend. As a result of the Chatfield Parties'

19   suit against them, the DCAH Parties uncovered egregious acts of fraud and deceit on the part

20   of the Chatfield Parties, and thereafter, counter sued. However, now that the Chatfield Parties'

21   claims are resolved as against the DCAH Parties, the criminal matter should be permitted to

22   play out before the DCAH Parties are forced to prosecute the remaining claims in the civil

23   case.

24   The reason is an important one – the overall cost to do so is great. Especially so when

25   the County Attorney will be making a determination on the exact same claims. If the County

26   Attorney pursues criminal charges, and a jury in deed makes a finding of fraud with regarding

27   to the DCAH Parties' claims against the Chatfield Parties, then the civil matter as a whole is

28   likely unnecessary. The only thing left will be for the Bankruptcy Court to make a

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

22232163.1:11280-0001                Main Document        Page 3 of 7

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

1    determination on the dischargeability of the debt – which should be very straight forward if

2    the jury finds that the damages and injuries were a result of fraud.  Then, a determination of

3    the actual amount of damages – which a jury will also likely have also determined.  The only

4    lingering, limited issues will be those claimed damages that arose out of fraud but were not

5    pursued by the County Attorney.  Obviously, <u>much more</u> limited in scope.  The outcome of

6    the criminal matter wholly changes the landscape of the pending civil matter and the costs that

7    will be necessary to pursue same.

8         This request to stay the civil matter pending a determination on whether criminal

9    charges will be brought, is to help avoid DCAH Parties incurring even more harm and damage

10   in having to pursue these issues on their own.  The cost will be great and they are already out

11   so much in both the damages and injuries caused by the Chatfield Parties.  This, on top of the

12   fact, that they have incurred fees and costs in having to defend against the claims the Chatfield

13   Parties brought against the DCAH Parties, and the efforts to resolve same with the Trustee.

14   To then force the DCAH Parties to proceed with their claims against the Chatfield Parties, all

15   while the County Attorney will be pursuing the exact same claims – is both prejudice and

16   unreasonable.  The expense again will be great and duplicative at that point.  It is imperative

17   that the victim of these crimes not be forced to continue to incur further damage, and should

18   be permitted to allow the County Attorney to review the matter and determine if charges will

19   be brought before having to pursue the civil matter further.  In all reality, this is in the best

20   interest of <u>all the parties</u>, as well as judicial resources and this Court.  The same issues will not

21   simultaneously be heard in two separate forums.

22        In deciding whether to grant a stay, the court should consider a number of factors,

23   including whether the civil and criminal proceedings involve the same matter, whether

24   resolution of the criminal case would "moot, clarify, or otherwise affect various contentions in

25   the civil case," and whether the possibility exists that a party might "exploit civil discovery for

26   the advancement of his criminal case."  *State v. Ott*, 167 Ariz. 420, 428–29, 808 P.2d 305,

27   313–14 (App. 1990); *citing United States v. Mellon Bank*, 545 F.2d 869, 873 (3d Cir.1976).

28   Additional circumstances weighing in favor of a stay include "malicious prosecution, the

absence of counsel for defendant during depositions, agency bad faith, malicious government tactics, and 'other special circumstance.' " *Id.*; *ref. Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1202 (Fed. Cir. 1987) (*quoting Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1374 (D.C. Cir. 1980). A court has the discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions " 'when the interests of justice seem[ ] to require such action, sometimes at the request of the prosecution, * * * sometimes at the request of the defense[.]' " *Afro-Lecon, Inc. v. United States*, 820 F.2d at 1202; *citing Securities and Exchange Commission v. Dresser Industries, Inc.,* 628 F.2d at 1375, *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980); *accord Standard Sanitary Manufacturing Co. v. United States*, 226 U.S. 20, 52, 33 S.Ct. 9, 16, 57 L.Ed. 107 (1912). *See also Landis v. North American Co*., 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936) (decision to stay parallel proceeding "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance") (citations omitted).

Here, the civil and criminal proceedings involve the same matter and resolution of the criminal case moots, clarifies, or otherwise affects various contentions in the civil case. If a jury makes a finding of fraud in the criminal case, that finding can be used to demonstrate to this Court that the alleged debts that arise from that fraud are not dischargeable in the bankruptcy. The entire reason the Adversarial Proceeding was filed in the first place. Also, in light of the fact that the DCAH Parties have already been severely harmed by the Chatfield Parities actions, and will really never be made whole, these "special circumstances" warrant this Court attempting to avoid further harm to the DCAH Parties. By placing a stay on this matter, at least until the County Attorney can determine if he will bring charges, will help avoid the DCAH Parties having to prosecute their civil claim when those same claims may be handled in the criminal matter. It is not a secret that litigation is very expensive, and is made worse if it is unnecessary and those damages could be avoided by allowing this stay.

In the alternative, if this Court is not inclined to stay this matter, the DCAH Parties request an extension to all deadlines to allow the County Attorney to determine if charges will be brought. If not, the matter can resume and be handled in the civil arena. If they are

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

1    brought, the civil claims may be wholly unnecessary and the resources of the parties and this

2    Court significantly reduced.

3    **III.    <u>CONCLUSION</u>**

4          The DCAH Parties make this request to stay the civil matter at least until the County

5    Attorney determines if criminal charges will be brought to avoid further harm and damage.

6    This request is made to avoid incurring potentially wholly unnecessary fees and costs, and to

7    avoid wasting judicial resources.  If this Court is not inclined to grant a stay, and as requested

8    above, then the DCAH Parties request that the deadlines be extended to allow the County

9    Attorney to finish his investigation and levy charges if appropriate.

10

11          DATED:  September 13, 2021.  WOOD, SMITH, HENNING & BERMAN LLP

12

13                                  By:    _____/s/ Jodi L. Mullis_____

14                                         JASON R. MULLIS
                                           JODI L. MULLIS
15                                  *Attorneys for Plaintiffs Deer Creek Animal*
                                    *Hospital, Inc., DCAH, LLC, Deer Creek Real*
16                                  *Estate, LLC, Suzanne Higgins and Kevin Kemp*

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2525 E. CAMELBACK ROAD, SUITE 450
PHOENIX, ARIZONA 85016-4210
TELEPHONE 602-441-1300 ♦ FAX 602-441-1350

## SERVICE LIST

The following persons/entities were sent notice through the court's CM/ECF electronic mail system on September 13, 2021 at the addresses listed below:

M. Preston Gardner
David W. Williams
DAVIS MILES MCGUIRE GARDNER, PLLC
40 E. Rio Salado Parkway, Ste. 425
Tempe, AZ 85281
pgardner@davismiles.com
dwilliams@davismiles.com
*Attorney for Debtor/Defendants Michael and Angela Chatfield,*
*ECHIS Software, LLC, Angela's Assets, LLC, and HALO CFO*

By: */s/ Susan Montalvo*

22232163.1:11280-0001